# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JACKIE A. DUNCAN,           )
                            )
      Plaintiff,        )
                            )
v.                          )    Case No. CIV-16-876-HE
                            )
GRADY COUNTY JAIL ADMIN., et al.,  )
                            )
                            )
      Defendants.       )

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, submitted to this Court for filing a civil rights complaint and amended complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred by Chief United States District Judge Joe Heaton for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

By Order [Doc. No. 6] dated August 4, 2016, Plaintiff was directed to cure deficiencies related to the submission of his in forma pauperis application. Plaintiff was advised that the in forma pauperis application was not on the proper form, was missing financial information and/or the signature of an authorized officer at the relevant penal institution and was missing the certified institutional account(s) statement. *See id*. Plaintiff was further directed to use the proper form to submit his complaint. *Id*. The Court ordered the Clerk of Court to provide Plaintiff with any forms necessary for compliance with the Court's Order. Plaintiff was advised that he had until August 25, 2016 within which to cure the deficiencies and that a failure to cure the deficiencies could result in a dismissal of his action without prejudice to refiling. *Id*.

Plaintiff partially cured the deficiencies. On August 11, 2016, Plaintiff submitted on the proper form an Amended Complaint [Doc. No. 7]. Plaintiff did not, however, cure the deficiencies accompanying his in forma pauperis application. Although Plaintiff submitted an

application on the proper form, *see* Application to Proceed In Forma Pauperis [Doc. No. 8], Plaintiff did not include the required financial information. He did not submit the certified copy of his institutional account(s) statement or include the signature of an authorized officer of the penal institution. Plaintiff instead stated: "[t]here is no inmate trust office at this jail as money can not [sic] be sent to facility." *See id*. at p. 4.

Consequently, by Order [Doc. No. 9] dated August 12, 2016, Plaintiff was again advised of the deficiencies accompanying his in forma pauperis application and directed to cure the deficiencies on or before September 12, 2016. The Court apprised Plaintiff of the mandatory nature of the requirements accompanying his in forma pauperis application. *See id*. at p. 1 (*citing* 28 U.S.C. § 1915(a)(2) and LCvR 3.3(b)). The Court stated in the Order that Plaintiff could show a copy of the Order to the appropriate officers at the penal institution to facilitate obtaining the required certification and submitting the necessary documents. *Id*. at p. 2. The Court reminded Plaintiff that, alternatively, he could pay the $400 filing fee, and again expressly advised Plaintiff that a failure to cure the deficiencies could result in the dismissal of Plaintiff's action. *Id*.

On September 13, 2016, rather than recommending dismissal of the action for failure to comply with the Court's Order, the Court sua sponte gave Plaintiff additional time, until September 27, 2016, within which to cure the deficiencies. Again, Plaintiff was advised that failure to comply with the terms of the Court's Order could result in dismissal of this action without prejudice to refiling. *See* Order [Doc. No. 10].

To date, Plaintiff has failed to cure the deficiencies accompanying his in forma pauperis application. Nor has Plaintiff paid the $400 filing fee. Additionally, Plaintiff has not requested an extension of time or demonstrated good cause for his failure to comply with the Court's

Orders.  Therefore, the action is subject to dismissal without prejudice to refiling.  *See* 28 U.S.C. § 1914; LCvR 3.2, 3.3 and 3.4; *see also United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *Price v. No Defendants Named*, 516 F. App'x 710, 711 (10th Cir. 2013) (affirming dismissal of plaintiff's § 1983 claims where plaintiff failed to cure deficiencies in form complaint and his in forma pauperis request "omitted required supporting documents–a certified copy of [the prisoner's] trust-fund statement . . . and an authorization to calculate and disburse filing-fee payments").

Although Plaintiff has previously alleged "there is no inmate trust office" at his place of incarceration, his allegations are wholly conclusory.  Moreover, Plaintiff has been given the opportunity to explain his plight more thoroughly or identify additional steps he has taken to attempt to comply with the Court's Orders, but has failed to respond further.  Under these circumstances, dismissal is proper.  *Compare Montana v. Hargett*, 212 F. App'x 770, 773 (10th Cir. 2007) (affirming dismissal without prejudice of prisoners § 1983 complaint where prisoner "failed to justify his claim that prison officials rendered him unable to . . . provide a certified copy of his inmate trust account"; prisoner was given "ample opportunity to support his argument . . . but he supplied only general and unsupported conclusory allegations of wrongdoing by prison officials in his response").  Where, as here, a dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs.,* 552 F.3d 1233, 1236 (10th Cir. 2009).  Accordingly, Plaintiff's action should be dismissed without prejudice to refiling.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's action be dismissed without prejudice to refiling. It is further recommended that Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 8] and Plaintiff's Motion to Appoint Counsel [Doc. No. 3] be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by October 20, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the Chief District Judge in this matter.

ENTERED this 29th day of September, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE